UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TANYA HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No. C20-5101-MLP<br><br>ORDER |

## I.   INTRODUCTION

This matter is before the Court on the Commissioner's Motion to Dismiss for lack of subject-matter jurisdiction ("Commissioner's Motion"). (Def's Mot. (Dkt. # 10).) Tanya Harris ("Plaintiff"), proceeding *pro se*, filed an Affidavit in Opposition to Defendant's Motion ("Plaintiff's Response"). (Pl.'s Aff. (Dkt. # 12).) As discussed below, because Plaintiff provides good cause for her delay in filing her complaint, Commissioner's Motion is DENIED.

## II.   BACKGROUND

On February 7, 2020, Plaintiff filed her complaint. (Pl.'s Compl. (Dkt. # 1-1; Dkt. # 3).) Plaintiff generally alleges that the Commissioner's final decision denying her disability insurance claim under Title II and supplemental security income claim under Title XVI was not

ORDER - 1

1  supported by substantial evidence and/or is based on legal error. (*Id.* at 2.) On April 6, 2020, the
2  Commissioner filed his Motion requesting the Court dismiss this case under Federal Rule of
3  Civil Procedure 12(b)(1) because Plaintiff failed to bring her action within 60 days of receiving
4  notice of the Commissioner's final decision. (Def's Mot. (Dkt. # 10) at 1.)

5  In support of his Motion, the Commissioner submitted a declaration from the Office of
6  Appellate Operations, which reviews claims when a claimant is dissatisfied with the decision of
7  an Administrative Law Judge ("ALJ") in a Social Security Benefits application. (Christianne
8  Voegele Decl. (Dkt. # 11).) The declaration stated: (1) on February 7, 2019, the ALJ issued a
9  decision denying Plaintiff's claim for benefits and mailed a copy to Plaintiff; (2) Plaintiff
10 subsequently requested review of the ALJ decision; and (3) on November 25, 2019, the Appeals
11 Council sent Plaintiff notice it was denying Plaintiff's request. (*Id.* at 3.) The declaration further
12 explained the Appeals Council's notice informed Plaintiff she had 60 days to file a civil action
13 for court review from the date of its receipt and the Appeals Council assumes Plaintiff received
14 notice five days after the date on the notice. (*Id.* at 3, 34.) Finally, the declaration noted Plaintiff
15 did not request an extension of time to file her action. *See* 42 U.S.C. § 405(g); 20 C.F.R.
16 § 422.210(c).

17 Commissioner argues that Plaintiff's claim should be dismissed because it was filed on
18 February 7, 2020, more than 60 days after November 30, 2019, the date Plaintiff was presumed
19 to have received notice of the Commissioner's final decision. (Def's Mot. (Dkt. # 10) at 4.)
20 Plaintiff responds that her filing of the complaint was within 60 days because her actual receipt
21 of the notice was December 9, 2019. (Pl.'s Aff. (Dkt. # 12) at 1.) Plaintiff explains she did not
22 receive the notice until December 9, 2019, because her mail was likely delayed by her mailbox
23 being blocked by others' vehicles. (*Id.* at 2.) Plaintiff represents this issue "happens often" and

that she has previously moved her mailbox twice because of previous difficulties receiving mail "to no avail." (*Id.*)

### III. DISCUSSION

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject-matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has jurisdiction. *Id.* (citation omitted); *See* Fed. R. Civ. P. 12(b)(1). When presented with a motion to dismiss pursuant to Rule 12(b)(1), the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (citing *Boettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir. 1985)).

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to the relevant federal regulations, a claimant obtains a judicially reviewable final decision only after completing all the required steps, including asking for reconsideration of an initial determination, requesting a hearing, and requesting review by the Appeals Council. *See* 20 C.F.R. §§ 404.907, 404.929, 404.967.

A claimant seeking judicial review must either receive a decision by the Appeals Council, or notice from the Appeals Council, that it has denied the claimant's request for review. 20 C.F.R. § 404.981. The claimant has 60 days from receipt of the decision or notice to request judicial review. *Id.*; *see* 42 U.S.C. § 405(g). A claimant is presumed to have received notice of the Appeals Council's decision or notice five days from the date on the notice unless plaintiff

ORDER - 3

shows otherwise. 20 C.F.R. §§ 404.901 ("*Date you receive notice* means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period."); 422.201(c).

Here, Plaintiff has provided a good cause explanation for her delay in filing her complaint. Plaintiff represents that: (1) she did not receive the Appeals Council's notice until December 9, 2019, because her mailbox was likely blocked by others' vehicles; (2) she regularly has difficulty receiving her mail because of her mailbox being blocked; and (3) she has previously moved her mailbox twice because of the issue. (*See* Pl.'s Aff. at 1-2.) Therefore, Plaintiff has plausibly demonstrated she was not in receipt of the Appeals Council's notice on November 30, 2019, and instead received it on December 9, 2019. *See* 20 C.F.R. §§ 404.901, 422.201(c); *see also McNatt*, 201 F.3d at 1087.

Given Plaintiff's representation she did not receive the Appeal's Council's notice until December 9, 2019, Plaintiff had 60 days from her receipt of the notice to file her complaint. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981. Plaintiff filed her complaint on February 7, 2020, which was within 60 days of her receipt of the Appeal's Council notice. (*See* Pl.'s Compl. at 1.) Accordingly, Commissioner has failed to demonstrate this matter should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Commissioner's Motion (dkt. # 10) and directs defendant to file an answer. Within 60 days of this Order, Commissioner shall file and serve either the certified administrative record as the Commissioner's answer or another responsive pleading permitted by Rule 12 of the Federal Rules of Civil Procedure.

Dated this 6th day of May, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge